UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

PAUL T. LINDGREN,                                    Civil No. 04-3153 (JRT/FLN)

                   Plaintiff,

v.                                                   **ORDER**

STATE FARM INSURANCE COMPANIES,
d/b/a STATE FARM FIRE AND CASUALTY
COMPANY,

                   Defendant,

_____


    Harry A. Sieben, Jr., **SIEBEN, GROSE, VON HOLTUM & CAREY**, LTD., 900 Midwest Plaza East, 800 Marquette Ave., Minneapolis, MN 55402, for plaintiff.

    Michelle D. Christensen, **MURNANE, CONLIN, WHITE & BRANDT**, 444 Cedar Street, Suite 1800, St. Paul, MN 55101, for defendant.


    On June 6, 2004, plaintiff Paul T. Lindgren brought suit against defendant State Farm Insurance Companies in Minnesota District Court in Dakota County seeking damages related to an insurance claim. Despite the fact that plaintiff had informed defendant that the damages claim was for approximately $31,000 as early as March 8, 2004, defendant removed the matter to this Court on the basis of diversity jurisdiction. On April 27, 2005, three days before the deadline for dispositive motions and approximately five weeks before the trial date, defendant moved to remand the case to state court for lack of jurisdiction, asserting that plaintiff cannot meet the $75,000 amount

in controversy requirement.[1] Plaintiff agrees that his claim does not satisfy the amount in controversy requirement, but nevertheless opposes defendant's motion to remand, alleging that the removal and remand have been nothing more than an unfair litigation tactic designed to delay resolution of this matter.

It is a fundamental precept that federal courts are courts of limited jurisdiction, whose power extends only to those controversies that satisfy certain Constitutional and/or statutory requirements such as the amount in controversy. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 371-72, 374 (1978). A federal court is obligated to examine and confirm the basis for its jurisdiction, even where neither party to the controversy has raised the issue. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). Where jurisdictional requirements have not been met, this Court does not have authority to consider a matter and must remand to state court. *Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). As plaintiff's claim does not meet the jurisdictional amount in controversy requirement, the Court has no choice but to remand this case to Minnesota District Court.

However, the Court finds that defendant's erroneous decision to remove the case to this Court, despite having information that the matter did not satisfy jurisdictional requirements, was irresponsible and has resulted in a waste of this Court's and plaintiff's counsel's time and resources. The Court, therefore, finds it appropriate for defendant to bear its own and plaintiff's costs and actual expenses, including attorney fees, incurred in

---

[1] Defendant also seeks costs and attorney fees related to the motion to remand.

bringing and responding to this motion to remand.  28 U.S.C. § 1447(c) (permitting assessment of fees and costs); *Am. United Life Ins. Co. v. Franklin*, 97 F.2d 76 (8th Cir. 1938) (awarding fees and costs); *see also Workforce Dev., Inc. v. Corporate Benefit Servs. of Am., Inc.*, 316 F.Supp.2d 854, (D. Minn. 2004) (discussing factors to consider in awarding costs and fees); *Dakis v. Allstate Ins., Co.*, 2003 WL 118245, at *2 (D. Minn. Jan. 8, 2003) (same).

# ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to remand [Docket no. 10] is **GRANTED IN PART** as to remand **and DENIED IN PART** as to an award of costs and fees.

2. This matter is **REMANDED** to the State of Minnesota District Court, First Judicial District, Dakota County.

3. Defendant shall bear all reasonable costs and actual expenses, including attorney fees, incurred by plaintiff in responding to defendant's motion to remand.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment [Docket No. 14] is **DENIED AS MOOT**.

DATED: May 23, 2005
at Minneapolis, Minnesota.

          s/John R. Tunheim
          JOHN R. TUNHEIM
          United States District Judge